UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN JOSEPH GUILLOTTE | CIVIL ACTION |
| VERSUS | NO. 21-2016 |
| STATE OF LOUISIANA, ET AL. | SECTION "L" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Brian Joseph Guillotte filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.  BACKGROUND**

Guillotte was a pretrial detainee housed in the Lafourche Parish Correctional Complex ("LPCC") in Thibodaux, Louisiana at the time of the filing of this *pro se* and *in forma pauperis* civil action under 42 U.S.C. § 1983. ECF No. 1, at ¶ III(A), at 3. He has since been released from jail. ECF No. 4. Guillotte named the State of Louisiana, Lafourche Parish Sheriff Craig Webre, the Federal Emergency Management Agency ("FEMA"), and FEMA Director Deanne Bennett Criswell as defendants. *Id*., ¶III(B)-(E), at 4.

**A.  Factual Allegations in the Complaints (ECF Nos. 1 & 6)**

Guillotte alleges that FEMA was paying extra money to Lafourche Parish for inmates being held in LPCC during the aftermath of Hurricane Ida. *Id*., ¶IV, at 4. He claims that Lafourche Parish held inmates in the overcrowded LPCC on false arrests and excessive bonds just to collect

the money. *Id*. He further alleges that FEMA Director Criswell allowed the payments, although she was unaware that Lafourche Parish and Sheriff Webre were "greedy" for money. *Id*. at 4-5. Guillotte further claims that he is being held without bond and without a court date for his criminal charges. *Id*. at 5. He contends that the state courts are taking their time to set court dates and are pushing dates back so that Lafourche Parish can continue to collect FEMA money. *Id*.

As relief, Guillotte requests that he be taken to a state court and compensated $3 million for violation of his human rights. *Id*., ¶V, at 6. He also asked that the defendants pay his filing fee and that there be a class action lawsuit. *Id*.

## II.  LEGAL STANDARDS

### A.  Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A claim is frivolous if it "lacks an arguable basis in law or fact."[2] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4] A court may not dismiss a claim simply because the facts are "unlikely."[5]

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F. 3d 578, 579-80 (5th Cir. 1998).
[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[5] *Id*.

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9] Thus, the court should assume the veracity of all well-pleaded allegations and view them in the light most favorable to the plaintiff and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. PROC. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed

---

[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[7] *Walch v. Adjutant Gen.'s Dept.*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).
[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).
[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

under one rule does not "invariably fall afoul" of the other.[11] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and §1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

### B. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)   deprivation of a right secured by the U.S. Constitution or federal law;
(2)   that occurred under color of state law; and
(3)   was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17]

---

[11] *Moore*, 976 F. 2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[12] *Id.*
[13] *Id.*
[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[16] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).
[17] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).

This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

### C. Statutorily Mandated Review: Maliciousness

Pursuant to § 1915(e) and § 1915A, a court also may dismiss a prisoner's complaint as malicious when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the [prisoner]."[20] Thus, a duplicative case is malicious "if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'"[21]

The Fifth Circuit has long held that filing a successive civil action that duplicates claims in a previous lawsuit qualifies as malicious under the screening statute.[22] That the prior cases may have involved different defendants does not affect the maliciousness of a successive action.[23] Likewise, the assertion of a new claim in a successive complaint that arises from the same allegations of a prior complaint is also considered a malicious.[24] Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another *pending* federal lawsuit by the same

---

[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).
[20] *Wilson v. Lynaugh*, 878 F. 2d 846, 850 (5th Cir. 1989).
[21] *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) (quoting *Bailey v. Johnson*, 846 F. 2d 1019, 1021 (5th Cir. 1988)).
[22] *See Bailey*, 846 F. 2d at 1021.
[23] *See id*.
[24] *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009).

plaintiff."[25]  District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted."[26]

### III. ANALYSIS

#### A. Guillotte's Complaint is Malicious

Guillotte alleges in this complaint, filed November 2, 2021, that defendant Sheriff Webre and Lafourche Parish (which is not a named defendant in this case) were keeping inmates housed in LPCC without providing a court date to secure bail so that they could collect FEMA money after Hurricane Ida.  Previously, on October 7, 2021, Guillotte filed Civil Action No. 21-1850"T"(4) against Lafourche Parish, the State of Louisiana, and Sheriff Webre, in which he alleged that he had been denied a court date on his pending criminal charges because the State of Louisiana had an inadequate disaster relief program for inmates.[27]  He further alleged in that complaint that he and other inmates were being held in an overcrowded LPCC without bond hearings and court dates so that Sheriff Webre could collect disaster relief money.[28]  That case is still pending before another section of this court.

Guillotte's current complaint includes the same or similar claims against Sheriff Webre and the State of Louisiana, and additional defendants FEMA and Director Criswell, claiming that they are holding inmates in an overcrowded LPCC and denying them court dates so that the defendants can collect disaster relief funds.  His current complaint involves "the same series of events" and alleges "many of the same facts" that are addressed in his other, previously filed and

---

[25] *Pittman v. Moore*, 980 F. 2d 994, 995 (5th Cir. 1993) (emphasis added) (internal quotation marks omitted); *see Lewis*, 508 F. App'x at 344; *Bailey*, 846 F. 2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").
[26] *Bailey*, 846 F. 2d at 1021.
[27] Civ. Action No. 21-1850"T"(4), ECF No. 1, ¶IV, at 4-5.
[28] *Id*. at 5.

pending complaint.[29]  Guillotte's claims are repetitive of his prior pending civil action, and therefore are considered malicious.  His claims should be dismissed as malicious under 28 U.S.C. § 1915, § 1915A without prejudice to his ability to pursue the claims, if appropriate, in the pending Civil Action No. 21-1850"T"(4).

> **B.  Guillotte's Claims Against the State of Louisiana, FEMA, and Criswell are Frivolous**

In addition to the malicious nature of the claims, Guillotte's claims against the State of Louisiana, FEMA, and Director Criswell are also frivolous and otherwise fail to state a claim for which relief can be granted under § 1983.

> **1.  State of Louisiana and Eleventh Amendment Immunity**

Although naming the State of Louisiana as a defendant as "overseer of state operations," Guillotte does not indicate how the State of Louisiana was involved in his arrest, his detention in LPCC, the payment of FEMA money to LPCC, or the scheduling of court dates in Lafourche Parish.  Regardless, the State and its agencies enjoy Eleventh Amendment immunity from suit for monetary damages.[30]

Under the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent."[31]  "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'"[32]  The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts.  When a state agency is the named defendant,

---

[29] *Bailey*, 846 F.2d at 1021.
[30] *Pennhurst State School v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F .2d 183, 185–86 (5th Cir. 1986).
[31] *Rodriguez v. Tex. Commn. on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000) (addressing U.S. CONST. amend. XI).
[32] *Med. RX/Sys., P.L.L.C. v. Tex. Dept. of St. Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 71, (1989)).

the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La. Rev. Stat. Ann. § 13:5106(A).

Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.[33]

While a State may expressly waive this Eleventh Amendment sovereign immunity, Louisiana has by statute declined to do so.[34]

For these reasons, the Court is without jurisdiction to hear Guillotte's claims for monetary relief against the State of Louisiana.[35] Accordingly, his claims against the State of Louisiana should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A as frivolous, for failure to state a claim for which relief can be granted, and because his claims seek relief against an immune defendant.

### 2. FEMA and Director Criswell are Not Proper Defendants under § 1983

To be liable under § 1983, a defendant must be a person with authority to act "by virtue of state law," *i.e.* be a state actor.[36] FEMA is a federal agency and is not a "person" for purposes of § 1983.[37] FEMA's director, defendant Criswell, has authority to act by virtue of federal law, not state law, and therefore, is not a state actor for purposes of § 1983.[38] To the extent Guillotte may

---

[33] *Cozzo v. Tangipahoa Parish Council-President Govt.*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999); *McGuire v. Lafourche Parish Work-Release Facility*, No. 09-6755, 2009 WL 4891914, at *3-4 (E.D. La. Dec. 4, 2009).
[34] *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dept. of Highways*, 780 F.2d 268, 1271-73 (5th Cir. 1986).
[35] *See Warnock v. Pecos County, Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).
[36] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326).
[37] *Emerson v. Louisiana*, No. 07-CV-0456, 2008 WL 294899 at *2 (M.D. La. Jan. 31, 2008).
[38] *Id*. at *2 & n.3.; *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987); *Scott v. United States Veteran's Admin.*, 749 F. Supp. 133, 134 (W.D. La. 1990), *aff'd*, 929 F.2d 126 (5th Cir. 1991).

have intended to sue Director Criswell in her official capacity, though he has not so indicated, his claims against her would also be barred by sovereign immunity.[39]

Thus, neither FEMA nor Director Criswell are appropriate defendants for purposes of this suit under § 1983.  Guillotte's claims against these defendants should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A as frivolous, for failure to state a claim for which relief can be granted, and further as to Director Criswell in her official capacity, because his claim seeks relief against an immune defendant.

## IV.     RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Brian Joseph Guillotte's § 1983 claims against defendant Sheriff Craig Webre be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e), § 1915A as malicious because they are repetitive of his pending claims in Civ. Action No. 21-1850"T"(4).

It is further **RECOMMENDED** that plaintiff Guillotte's § 1983 claims against defendants the State of Louisiana, FEMA, and Director Deanne Bennett Criswell be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e), § 1915A as frivolous, for failure to state a claim for which relief can be granted, and as to the State of Louisiana and Director Criswell in her official capacity, because his claims are asserted against immune defendants.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

---

[39] Lawsuits against federal employees in their official capacities are treated as lawsuits against the United States, which generally are barred by sovereign immunity unless immunity is waived by Congress. *Ischy v. Miles*, 75 F. App'x 257, 258 (5th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), and *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009) ("Plaintiff has the burden to show an "unequivocal waiver of sovereign immunity.").

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[40]

New Orleans, Louisiana, this 4th day of January, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[40] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.